```
                  IN THE UNITED STATES BANKRUPTCY COURT
                      FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                 )
                                  )
PRIME REALTY, INC.,               )
                                  )      CASE NO. BK02-80785
            Debtor(s).            )           A04-8075
JAMES KILLIPS, Trustee of Prime   )
Realty, Inc.,                     )
                                  )
            Plaintiff,            )      CH. 11
                                  )
     vs.                          )
                                  )
LEO DAHLKE,                       )
                                  )
            Defendant.            )
```

ORDER

    This matter is before the court on the plaintiff's motion for summary judgment (Fil. #16) and the defendant's resistance (Fil. #21). Robert Craig and Jenna Taub represent the plaintiff, and Donald Dworak represents the defendant. The motion was taken under advisement as submitted without oral arguments.

    The Chapter 11 trustee filed this adversary proceeding to avoid and recover alleged preferential transfers and fraudulent conveyances. The defendant and the debtor were business partners. Within the year preceding the bankruptcy filing, the debtor transferred nearly $300,000 to the defendant in six transactions. The trustee alleges that the defendant is an insider of the debtor, and that the transfers were made within one year prior to the petition date, on account of antecedent debt, to or for the benefit of the defendant, while the debtor was insolvent, enabling the defendant to receive more than it would in a Chapter 7 case if the transfer had not been made.

    The trustee also alleges that the afore-mentioned transfers were made with actual intent to hinder, delay, or defraud creditors, or that the debtor received less than reasonably equivalent value for the transfers and either was insolvent at the time of the transfers, became insolvent as a result of the transfers, was left with unreasonably small capital, or intended to incur or believed it would incur debts that would be beyond its ability to pay.

As a result, the trustee wants the transfers avoided and returned to the estate pursuant to 11 U.S.C. §§ 547, 548 and 550.

The trustee now moves for summary judgment on each of those counts, alleging that no genuine issue of material fact exists with regard to each of the elements. The defendant resists, arguing that the transfers were part of a transaction whereby the debtor was to purchase Dahlke's interests in the parties' business ventures. According to counsel for the defendant, the terms of the agreement were that Dahlke would obtain an $829,000 bank loan which he would transfer to the debtor. The debtor was to repay that loan directly to the bank and pay Dahlke slightly more than $876,000 for his business interests. Dahlke apparently did transfer the bank loan to the debtor, but no repayments have been made. The payments which are the subject of the trustee's motion are allegedly part of the $876,000 payment that the debtor was supposed to make. Therefore, the defendant argues, the transfers do not constitute fraudulent or preferential payments. The defendant also asserts that he is not and never has been an insider of the debtor.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Morgan v. Rabun, 128 F.3d 694, 696 (8th Cir. 1997), cert. denied, 523 U.S. 1124 (1998); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); St. Paul Fire & Marine Ins. Co. v. FDIC, 968 F.2d 695, 699 (8th Cir. 1992).

The record is a little short on evidence. The defendant has submitted no evidence to dispute the trustee's allegations, although the local court rule requires evidentiary support for opposition to the motion. See Neb. R. Bankr. P. 7056-1(B). To withstand a motion for summary judgment, the nonmoving party must submit "sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact." Austin v. Minnesota Mining & Mfg. Co., 193 F.3d 992, 994 (8th Cir. 1999) (quoting Hase v. Missouri Div. of Employment Sec., 972 F.2d 893, 895 (8th Cir. 1992), cert. denied, 508 U.S. 906 (1993)).

By the same token, the plaintiff relies only on his own affidavit. Because more detailed evidence (whether newly filed or by reference to portions of the record in the bankruptcy case) regarding the nature of the transfers, the debtor's solvency, and the defendant's status as an insider is necessary before these

issues can be ruled on, the motion must be denied.

    IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. #16) is denied.

    DATED:    August 11, 2005

                                        BY THE COURT:

                                        /s/ Timothy J. Mahoney
                                        Chief Judge

Notice given by the Court to:
    *Robert Craig and Jenna Taub
    Donald Dworak
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.